UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JANE BUCKINGHAM<br><br>    Defendant. | No. 1:19-cr-10117-IT |

**ASSENTED-TO MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THE SENTENCING MEMORANDUM**

Pursuant to Local Rule 7.2 of the U.S. District Court for the District of Massachusetts, Jane Buckingham respectfully moves for permission to file under seal portions of her Sentencing Memorandum and accompanying materials. Counsel for the government has informed undersigned counsel that it assents to this motion.

These documents contain information of a highly sensitive nature. Specifically, sealing is necessary to protect confidential information regarding the private medical information and sensitive personal information concerning Ms. Buckingham and her two children, as well as information relating to third parties. Ms. Buckingham requests that this information remain sealed until further order of the Court.

Local Rule 7.2 permits a party to file a motion to impound or seal confidential materials. The public's right of access "is not unfettered," and the Court must weigh that right against any "[i]mportant countervailing interests" that "overwhelm the usual presumption and defeat access." *U.S. v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (quoting *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)).

1

A defendant's privacy rights, and those of third parties, "are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records." *Id*. at 62 (quoting *Standard Fin. Mgmt. Corp*., 830 F.2d 404, 411 (1st Cir. 1987)).  Information regarding traditionally private subjects, such as "family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id*. at 62 (quoting *In re Boston Herald*, 321 F.3d 174, 190 (1st Cir. 2003)).  Medical information, in particular, is "universally assumed to be private, not public." *Id.* at 63 (quoting *In re Boston Herald*, 321 F.3d at 190).

The court must also balance the public's right of access against the rights of third parties. "Third-party privacy rights, in particular, have been referred to as a venerable common law exception to the presumption of access, and weigh heavily in a court's balancing equation." *Id*. at 62 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050-51 (2nd Cir. 1995)).  In this case, which has excited significant public interest and press coverage, protecting the privacy interests of Ms. Buckingham's children are of particular importance.  Publication of sensitive information regarding them would significantly harm their privacy interests and make it more difficult for them to move forward in their lives.  Similarly, certain of Ms. Buckingham's friends and family members have submitted letters of support on her behalf that contain information about themselves or their family members.  These letters, too, involve information that is "traditionally considered private." *Id*.  As a result, this information clearly outweighs the presumption of public access.

## CONCLUSION

The information that Ms. Buckingham moves to seal or redact includes highly sensitive information that, if disclosed, would cause severe injury to the privacy interests of Ms.

2

Buckingham, her children, and other third parties.  WHEREFORE, Ms. Buckingham respectfully requests that the Court grant her assented-to motion to file under seal portions of her Sentencing Memorandum and accompanying materials.

Dated: October 11, 2019

Respectfully submitted,

/s/ Joseph F. Savage
Joseph F. Savage (BBO #443030)
Yvonne W. Chan (BBO# 669223)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts
Tel.: (617) 570-1000
Fax: (617) 523-1231
JSavage@goodwinlaw.com
YChan@goodwinlaw.com

Michael Proctor (*pro hac vice*)
DURIE TANGRI

*Attorneys for Defendant Jane Buckingham*

**CERTIFICATE OF SERVICE**

      I, Joseph F. Savage, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 11, 2019.

      /s/ Joseph F. Savage